UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ARGONAUT GREAT CENTRAL INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 21-1397** |
| **CENTURY SURETY INSURANCE COMPANY** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Century Surety Company's Motion to Dismiss or Stay in Favor of Pending State Action (Doc. 8). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

This suit arises out of a coverage dispute between Plaintiff Argonaut Great Central Insurance Company ("Argonaut") and Defendant Century Surety Company ("Century") regarding damages that are the subject of a lawsuit filed in the 24th Judicial District Court of Louisiana ("the State Court Action"). Jazmyn Fradieu and her mother Delisse George initiated the State Court Action based on a grisly attack on Ms. Fradieu at her place of employment, the Little Caesar's Pizza at 1650 Gretna Boulevard in Harvey, Louisiana. On May 23, 2020, Tyrone Constant, a homeless man living in the area, entered the store, pulled out a machete from his backpack, and attacked

1

Ms. Fradieu. Ms. George found her severely injured shortly after the assault. The plaintiffs in the State Court Action sued Mr. Constant; the owners of the building at 1650 Gretna Boulevard: Mamdouh D. Suleiman, Karima A. Suleiman, and Gretna Plaza, L.L.C. (collectively, "Gretna Plaza"); and Century, the insurer of Gretna Plaza. Ms. Fradieu alleged that Gretna Plaza created several unreasonably dangerous conditions at 1650 Gretna Boulevard, such as a lack of lighting and security equipment.

At the time of the attack, Ms. Fradieu worked for Sizzling Platter LLC, which operated the Little Caesar's store at 1650 Gretna Boulevard. Gretna Plaza leased the premises to Sizzling Platter, whose own insurer is Argonaut. In this diversity action, Argonaut seeks a declaratory judgment that it does not owe coverage to Century or its insured, Gretna Plaza, for the damages asserted in the State Court Action. After Argonaut filed the instant action, Mamdouh Suleiman and Karima Suleiman filed a third-party demand in the State Court Action against Sizzling Platter and Argonaut. Additionally, Century's Answer in the State Court Action alleges that its insurance coverage of Gretna Plaza is conditional upon Argonaut's coverage of Sizzling Platter.

Now before the Court is Century's Motion to Dismiss or Stay in Favor of Pending State Action. Century asks this Court to abstain from exercising jurisdiction over this matter in light of the State Court Action raising the same coverage dispute between Argonaut and Century at issue here. Argonaut opposes.

## LAW AND ANALYSIS

The Declaratory Judgment Act provides that, in a case of actual controversy within its jurisdiction, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."[1] This Act is "an enabling act, which confers discretion on the courts rather than an absolute right on a litigant."[2] The Fifth Circuit has outlined a three-part test for district courts to use when considering whether to decide or dismiss a declaratory judgment action.[3] A federal district court must determine: "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action."[4]

Here, it is undisputed that an actual controversy exists. The Court also finds that it has jurisdiction and authority to grant the relief requested.[5] Century therefore challenges only the third prong and asks this court to decline to exercise jurisdiction over this action.

---

[1] 28 U.S.C. § 2201(a).
[2] Wilton v. Seven Falls Co., 505 U.S. 277, 287 (1995) (quoting Pub. Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 241 (1952)).
[3] *See* Orix Credit All., Inc. v. Wolfe, 212 F. 3d 891, 895 (5th Cir. 2000).
[4] Sherwin-Williams Co. v. Holmes Cty., 343 F.3d 383, 387 (5th Cir. 2003).
[5] Abstention is not mandatory because Century did not file suit in state court against Argonaut. *See* Gulf Offshore Logistics, LLC v. Norris, No. CV 16-8247, 2016 WL 7097383, at *5 (E.D. La. Dec. 5, 2016) ("Accordingly, the district courts are to abstain from considering the merits of a declaratory judgment action when '(1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff . . . .' If any of these three factors is absent, abstention is not mandatory.") (citation omitted) (quoting Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc., 996 F.2d 774, 776 (5th Cir. 1993)).

The Fifth Circuit has provided courts with seven factors to consider when determining how to exercise its discretion in an action for declaratory relief.[6] These factors are:

1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;

2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

3) whether the plaintiff engaged in forum shopping in bringing the suit;

4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

5) whether the federal court is a convenient forum for the parties and witnesses;

6) whether retaining the lawsuit would serve the purposes of judicial economy; and

7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.[7]

These factors, known as the *Trejo* factors, have been subsequently grouped into three higher-level considerations.[8] The first grouping concerns federalism, or

---

[6] *Sherwin-Williams Co.*, 343 F.3d at 388.
[7] *Id.* (citing St. Paul Ins. Co. v. Trejo, 39 F.3d 585 (5th Cir. 1994)).
[8] Brit UW Ltd. v. Hero, No. 18-3850, 2018 WL 4184565, at *3 (E.D. La. Aug. 31, 2018) (citing *Sherwin-Williams Co.*, 343 F.3d at 390–92).

the proper allocation of decision-making between state and federal courts.[9] The second grouping concerns fairness.[10] The third grouping concerns efficiency.[11]

The *Trejo* factors are not exclusive, and district courts can consider a variety of factors in determining whether to decide or dismiss a declaratory judgment action.[12] "Fundamentally, the district court should determine whether the state action provides an adequate vehicle for adjudicating the claims of the parties and whether the federal action serves some purpose beyond mere duplication of effort."[13]

The first *Trejo* factor weighs in favor of dismissing the instant action. There is currently a pending state court action in which all the issues in this declaratory judgment action may be fully litigated. Argonaut argues that the coverage dispute between itself and Century is not at issue in the State Court Action, but that is not the case. Century's insureds have asserted coverage claims against Argonaut in the State Court Action via a third-party demand. They contend that Argonaut's policy included them as additional insureds. Century has also put Argonaut's coverage at issue by arguing that its coverage is conditional upon Argonaut's. The Fifth Circuit has held that "if the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should

---

[9] *Sherwin-Williams Co.*, 343 F.3d at 390.
[10] *Id.* at 391.
[11] *Id.*
[12] Rowan Cos., v. Griffin, 876 F.2d 26, 29 (5th Cir. 1989).
[13] Magnolia Marine Transp. Co. v. Laplace Towing Corp., 964 F.2d 1571, 1581 (5th Cir. 1992) (quoting PPG Indus., Inc. v. Cont'l Oil Co., 478 F.2d 674, 682 (5th Cir. 1973)).

decide the case and the federal court should exercise its discretion to dismiss the federal suit."[14] Accordingly, this first factor weighs in favor of dismissal.

The next three factors "analyze whether the plaintiff is using the declaratory judgment process to gain access to a federal forum on improper or unfair grounds."[15] When Argonaut filed the instant action, it was not yet a party to the State Court Action, but it had received a demand letter from Century. The letter requested defense and indemnity for Century's insured and notified Argonaut that its failure to respond would lead Century to pursue litigation. Argonaut therefore filed this action in anticipation of the coverage dispute between it and Century. Argonaut's filing of this action before it was added as a party to the State Court Action appears clearly to have been an effort to secure a federal forum for its coverage dispute. Granted, "[m]erely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself . . . abusive 'forum shopping.'"[16] Accordingly, because this suit was filed anticipatorily but nothing else smacks of forum shopping, the Court finds that these factors are neutral.

The next two *Trejo* factors "primarily address efficiency considerations."[17] These factors weigh in favor of dismissal. While this Court does not view either action as significantly more convenient for the parties, the existence of the State Court Action "renders this declaratory judgment action unnecessary and duplicative."[18] "It is abundantly clear that multiple lawsuits

---

[14] *Sherwin-Williams Co.*, 343 F.3d at 390–91.
[15] *Id.* at 391.
[16] *Id.*
[17] *Id.* at 392.
[18] *Gulf Offshore Logistics, LLC*, 2016 WL 7097383, at *7.

6

on the same issue can result in differing and conflicting decisions and do result in a waste of judicial time and resources."[19] The Court, therefore, finds that the interests of efficiency and judicial economy are better served by dismissal. The last factor is not applicable in this matter, as the Court is not being called upon to construe a state judicial decree.

Accordingly, upon balancing the *Trejo* factors, the Court finds that dismissal of the declaratory judgment action is appropriate. "[T]he state action provides an adequate vehicle for adjudicating the claims of the parties" and the federal action does not serve any purpose "beyond mere duplication of effort."[20]

## CONCLUSION

For the foregoing reasons, Defendant's Motion is **GRANTED**, and this matter is **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana this 8th day of July, 2022.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[19] *Travelers Ins. Co.*, 996 F.2d at 777 n.9.
[20] *Magnolia Marine Transp. Co.*, 964 F.2d at 1581.